Appeal of **ESTATE OF D. F. BUCH-MILLER, Deceased, UNION TRUST COMPANY OF LANCASTER, PA., and MARY B. LEDWITH, Executors.**     Docket No. 182.

> The reorganization of a business by dissolving a corporation and transferring its assets to a copartnership in which the partners are identical in person and interest with the stockholders of the corporation results in taxable income to the stockholder whose liability is limited by agreement but whose interest is not limited, notwithstanding that he took nothing out of the business.

Submitted December 1, 1924; decided January 27, 1925.

*H. Zachary Marks, C. P. A.,* for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal involves a deficiency in income tax amounting to $7,196.48 for the year 1919, and was presented to the Board on oral and documentary evidence.

### FINDINGS OF FACT.

1. The Safe Padlock & Hardware Company, a corporation, was organized in 1904 under the laws of the Commonwealth of Pennsylvania with its principal place of business at the city of Lancaster in that State. It was engaged in the business of manufacturing padlocks and shelf hardware and had only two shareholders, D. J. Buchmiller, who owned nineteen-twentieths of the outstanding stock, and Lloyd B. Hershey, who owned one-twentieth of the outstanding stock.

2. On November 15, 1919, the corporation filed a verified petition in the Court of Common Pleas of Lancaster County, Pa., praying for a decree of dissolution. Decree of dissolution was entered on the petition December 20, 1919, and the corporation surrendered its charter.

3. On December 20, 1919, D. F. Buchmiller and Lloyd B. Hershey, the two sole shareholders of the above-mentioned corporation, entered into an agreement of limited partnership, whereunder they engaged to enter the business of manufacturing and selling padlocks and shelf hardware under the name of "Safe Padlock & Hardware Company." The agreement contained, among others, the following stipulations: That the total of cash, merchandise, and property contributed by the parties was of the value of $150,000, of which Buchmiller's contribution was $142,500 and Hershey's contribution was $7,500; that the proportion of partnership interests was nineteen-twentieths for Buchmiller and one-twentieth for Hershey; that the liability of Buchmiller was limited to the sum of $5,000. This agreement was filed for record in Lancaster County, Pa., on or about December 20, 1919.

4. The interests of Buchmiller and Hershey in the copartnership were identical with their respective interests in the corporation. The assets and liabilities of the corporation were taken over by the copartnership, and the business was continued at the same site, with the same books of account, and in the same manner as it had been under the corporation. No distribution of any of the assets of the corporation was made to either Buchmiller or Hershey individually on the dissolution, but the entire assets were taken over by the copartnership for the purpose of carrying on the business.

5. The actual value of the holdings of Buchmiller in the corporation, at the time of its dissolution on December 20, 1919, was $135,-678.52 and the March 1, 1913, value of the same holdings was $117,-052.80. The difference of $18,625.72 between these two amounts was held by the Commissioner to be a liquidating distribution from the corporation to Buchmiller and subject to both normal and surtax for the year 1919.

6. Buchmiller died testate on December 12, 1922, and the Union Trust Company of Lancaster, Pennsylvania, and Mary B. Ledwith, of Philadelphia, Pennsylvania, were duly appointed and now are the executors of the estate of said decedent.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: The taxpayer contends that, as the copartnership was organized under "The Uniform Limited Partnership Act" of Pennsylvania (P. L. 1917, p. 55) and the liability of Buchmiller under the articles of copartnership was limited, the reorganization, in so far as he was concerned, can not be distinguished from that of

a reorganization by change of assets from one corporation to another, even though the taxpayer did not receive stock or securities as evidence of his interest. The taxpayer has not sought to assist this Board by filing a brief in support of his contention. As we read the statute, the fact that Buchmiller was a limited partner does not in any way alter his ownership in the partnership assets. His interest therein was not represented by certificates or shares of stock. Upon distribution of the assets to the copartnership the ownership passed from that of an artificial legal entity to the direct personal joint ownership of the two partners, a condition the result of which, in legal effect, is identical with that shown in *Appeal of E. C. Huffman*, 1 B. T. A. 52.

This condition did not place the taxpayer in the same position under section 202(b) of the Revenue Act of 1918 as he would have been placed in had the distribution under reorganization been from one corporation to another and he had received stock or securities of the second corporation of no greater aggregate par or face value than those he had held in the dissolved corporation. In this case he received a direct ownership in the corporate assets distributed and his share exceeded its March 1, 1913, value by $18,625.72.